IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEVIN MOHEIT,

    Plaintiff,

v.                                                Case No. 2:20-cv-01358-KWR-GJF

VILLAGE OF TULAROSA.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss or for Judgment on the Pleadings **(Doc. 32).** Having reviewed the parties' briefs and applicable law, the Court finds that the motion is well taken in part, and therefore **GRANTED IN PART** and **DENIED IN PART.** Count IV and parts of Count II are **DISMISSED.**

### BACKGROUND

Plaintiff alleges he was wrongfully discharged as employee of the Village of Tularosa**.** Plaintiff filed an amended complaint alleging five counts. Plaintiff alleges that the personnel policy of the city created an implied in fact contract of employment and a continued expectation of employment absent misconduct and only after notice and imposition of progressive discipline. The motion contains the following counts:

    Count I: Declaratory Judgement

    Count II: Wrongful Termination (Violation of Public Policy)

    Alternative Count II: Wrongful Discharge-Implied Contract of Employment

    Count III: Breach of Implied Covenant of Good Faith and Fair Dealing

Count IV: Violation of New Mexico Constitution

Count V: Violation of the United States Constitution (Procedural and Substantive Due Process).

## LEGAL STANDARD

Defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or motion for judgment on the pleadings, which follows the same standard. Rule 12(b)(6) permits the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff's complaint must have sufficient factual matter that if true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("*Iqbal*"). As such, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*"). All well-pleaded factual allegations are "viewed in the light most favorable to the nonmoving party." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014). In ruling on a motion to dismiss, "a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555.

## DISCUSSION

Defendant moved to dismiss Counts I-IV for failure to state a claim. Plaintiff agreed to dismissal of Count IV and part of Count II. The Court will dismiss Count IV and part of Count II, but the other claims remain.

**I.      <u>Court declines to dismiss implied employment contract claim (Count I)</u>.**

At issue in Counts I, III, and portions of Count II is whether the Defendant's employment handbook, along with customs and practices created an implied contract that Plaintiff could only be terminated for cause or following certain disciplinary procedures. Defendant asserts there was no implied employment contract.

"New Mexico follows the general rule that employment is terminable at will by either the employee or the employer, absent an express contract to the contrary." *Zarr v. Wash. Tru Solutions, LLC,* 146 N.M. 274, 278, 208 P.3d 919, 923 (Ct.App.2009) (citation omitted). An implied contract limiting an employer's ability to discharge is an exception to the general rule of at-will employment. *See Zarr v. Wash. Tru Solutions, LLC,* 146 N.M. at 278, 208 P.3d at 923.

"An implied contract is created only where an employer creates a reasonable expectation. The reasonableness of expectations is measured by just how definite, specific, or explicit has been the representation or conduct relied upon." *Hartbarger v. Frank Paxton Co.,* 115 N.M. at 672, 857 P.2d at 783. If the alleged employer's promise is not sufficiently explicit, the courts will not find an implied contract. *Hartbarger v. Frank Paxton Co.,* 115 N.M. at 669, 857 P.2d at 780. "Whether an employer's words and conduct support a reasonable expectation on the part of employees that they will be dismissed only in accordance with specified procedures or for specified reasons generally is a question of fact for the jury." *Mealand v. E.N.M. Med. Ctr.,* 131 N.M. at 69, 33 P.3d at 289.

Plaintiff has stated a plausible claim under Count I. Much of the parties' argument turns on whether Plaintiff had a reasonable expectation that the disciplinary process in the personnel manual would apply, which should be resolved on summary judgment or trial. The parties cite to material outside the complaint or not incorporated into the complaint, which is generally not

appropriate to consider on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The Court generally may not analyze facts not contained in the complaint or find that the facts in a complaint are untrue.

**II.     The Court dismisses in part claims under Count II**

Plaintiff asserts multiple claims under Count II, including (1) wrongful termination in violation of public policy and (2) wrongful termination for breach of an implied contract. Plaintiff appears to agree to dismissal of any claim in Count II not based on breach of an implied contract. **Doc. 35 at 15; Doc. 35 at 19**. Therefore, the Court dismisses in part Count II, but as explained above, the claim based on an implied employment contract remains.

**III.    The Court declines to dismiss the Good Faith and Fair Dealing Claim (Count III)**

Defendant seeks to dismiss Count III, the implied covenant of good faith and fair dealing. This claim depends on whether there is an implied contract. Because the Court declines at this time to dismiss the implied contract claims, the Court also declines to dismiss the implied covenant of good faith and fair dealing claim.

**IV.     New Mexico constitutional claims under Count IV are dismissed.**

Both parties agree that the Village is immune from suit for violation of state constitutional provisions. *Carter v. City of Las Cruces*, 1996-NMCA-047, ¶ 13, 121 N.M. 580, 584, 915 P.2d 336, 340. Plaintiff agreed to dismiss the state constitutional claims. Therefore, the Court dismisses Count IV.

## CONCLUSION

Plaintiff agrees to dismiss certain claims under Count II and the New Mexico constitutional claims under Count IV. Counts I, III, V, and portions of Count II remain.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**